KEVIN V. RYAN (SBN 118321)
United States Attorney
JOANN M. SWANSON (SBN 88143)
Chief, Civil Division
EDWIN L. JOE (SBN 112328)
Special Assistant United States Attorney

455 Market Street, 6th Floor
San Francisco, California 94105-2420
Telephone: (415) 744-8494
Facsimile: (202) 481-1810 or (415) [illegible]
Email: edwin.joe@sba.gov

Attorneys for Federal Plaintiff

MISC 06 067ML

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** **Plaintiff,** | **E-Filing** |
| **v.** | **Civil Case No. C06 3879 EMC** |
| **ALTOTECH II, L.P.,** **Defendant.** | **STIPULATION FOR CONSENT ORDER OF RECEIVERSHIP** |

WHEREAS, Plaintiff, United States of America, on behalf of its agency, the United States America, has filed and caused to be served upon defendant and its General Partner, AltoTech Ventures, LLC, a complaint; and

Whereas, the parties desire to resolve the matter amicably and without further proceedings, trial or adjudication of any issue and stipulate as follows:

ORIGINAL
FILED
JUN 21 2006
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

KEVIN V. RYAN (SBN 118321)
United States Attorney
JOANN M. SWANSON (SBN 88143)
Chief, Civil Division
EDWIN L. JOE (SBN 112328)
Special Assistant United States Attorney

455 Market Street, 6th Floor
San Francisco, California 94105-2420
Telephone: (415) 744-8494
Facsimile: (202) 481-1810 or (415) 744-6812
Email: edwin.joe@sba.gov

Attorneys for Federal Plaintiff

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** Plaintiff, | **E-Filing** |
| v. | **Civil Case No.** C06 3879 EMC |
| **ALTOTECH II, L.P.,** | **STIPULATION FOR CONSENT ORDER OF RECEIVERSHIP** |
| **Defendant.** | |

WHEREAS, Plaintiff, United States of America, on behalf of its agency, the United States America, has filed and caused to be served upon defendant and its General Partner, AltoTech Ventures, LLC, a complaint; and

Whereas, the parties desire to resolve the matter amicably and without further proceedings, trial or adjudication of any issue and stipulate as follows:

1. That defendant AltoTech II, LP, ("AltoTech" or "Licensee"), the holder of the U.S. Small Business Administration's (SBA) Small Business Investment Company (SBIC) License No. 09/79-0431 has a condition of Capital Impairment as that term is defined under Title 13 of the Code of Federal Regulations, Part 107;

2. That this Court has jurisdiction over the subject matter of this action and over defendant;

3. That the only mutually agreeable method by which to distribute the assets of the Licensee to the appropriate creditors and SBA is through the appointment of SBA as the receiver of the Licensee pursuant to the following Consent Order of Receivership without further proceedings; and

4. To the entry of the following Consent Order of Receivership without further proceedings.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. Pursuant to the provisions of 15 U.S.C. §687c, this Court takes exclusive jurisdiction of AltoTech II, L.P. ("AltoTech") and all of its assets and property, of whatever kind and wherever located, and the United States Small Business Administration ("SBA") is hereby appointed Receiver of AltoTech ("Receiver") to serve without bond until further order of this Court. The Receiver is appointed for the purpose of marshalling and liquidating in an orderly manner all of AltoTech's assets and satisfying the claims of creditors therefrom in the order of priority as determined by this Court.

2. The Receiver shall have all powers, authorities, rights and privileges heretofore possessed by the general partner, officers, directors, managers, investment advisors and other agents of AltoTech under applicable state and federal law and by the Agreement of Limited Partnership, in addition to all powers and authority of a receiver at equity, and all powers and authority conferred upon the Receiver by the provisions of 15 U.S.C. § 687c and 28 U.S.C. § 754. The general partner, management company, trustees, directors, officers, employees, managers, investment advisors and

agents of AltoTech are hereby dismissed. Such persons and entities shall have no authority with respect to AltoTech's operations or assets, except to the extent as may hereafter be expressly granted by the Receiver. The Receiver shall assume and control the operation of AltoTech and shall pursue and preserve all of its claims. Jurisdiction is conferred on this Court by virtue of the Small Business Investment Act of 1958, as amended (hereinafter, the "Act"), Sections 308(d), 311 and 316, 15 U.S.C. §§ 687(d), 687c and 687h; and 28 U.S.C. § 1345.

3. The Receiver is entitled to take immediate possession of all assets, bank accounts or other financial accounts, books and records and all other documents or instruments relating to the Licensee. The past and/or present general partner, management company, officers, directors, managers, investment advisors, agents, trustees, attorneys, accountants, and employees of AltoTech, as well as all those acting in their place, are hereby ordered and directed to turn over to the Receiver forthwith all books, records, documents, accounts and all other instruments and papers of and relating to AltoTech and its assets, whether real or personal, including but not limited to:

(i) all definitive agreements to which the Partnership is a party or is otherwise bound, including, the Partnership Agreement and any amendments thereto,

(ii) a list of all limited partners including contact information,

(iii) all records related to portfolio company investments,

(iv) the financial books and records of AltoTech and

(v) copies of the financial books and records of the general partner and management company and all other assets and property of AltoTech, whether real or personal.

The former General Partner, and the management company, shall furnish a written statement within fifteen (15) days after the entry of this Order, listing the identity, location and estimated value of all assets of AltoTech as well as the names, addresses and amounts of claims of all known creditors of

AltoTech. Within thirty (30) days following the entry of this Order, such person shall also furnish a written report describing all assets. All persons having control, custody or possession of any assets or property of AltoTech are hereby directed to turn such assets and property over to the Receiver.

4. The Receiver shall promptly give notice of its appointment to all known partners, officers, directors, agents, employees, shareholders, creditors and debtors of AltoTech, as the Receiver deems necessary or advisable to effectuate the operation of the receivership. All persons and entities owing any obligation or debt to AltoTech, until further ordered by this Court, shall pay all such obligations in accordance with the terms thereof to the Receiver and its receipt for such payments shall have the same force and effect as if AltoTech had received such payments.

5. The Receiver is hereby authorized to open such Receiver's accounts at banking or other financial institutions to extend credit on behalf of AltoTech, to utilize SBA personnel, and to employ such other personnel as it may deem necessary to effectuate the operation of the receivership including, but not limited to, attorneys, accountants, and appraisers, and is further authorized to expend receivership funds to compensate such personnel in such amounts and upon such terms as the Receiver shall deem reasonable in light of the usual fees and billing practices and procedures of such personnel. The Receiver is not required to obtain Court approval prior to the disbursement of receivership funds for payments to personnel employed by the Receiver or for expenses that the Receiver deems advantageous to the orderly administration and operation of the receivership. In addition, the Receiver is authorized to reimburse the SBA for travel expenses incurred by SBA personnel in the establishment and administration of the receivership. The Receiver may, without further order of this Court, transfer, compromise, or otherwise dispose of any asset (including without limitation any claim), other than real estate.

6. Alto Tech's past and/or present partners, officers, directors, agents, accountants, managers, shareholders, employees, debtors and creditors and other appropriate persons (including without limitation, the Defendant's portfolio of small business concerns and financial institutions doing business with Defendant and/or Defendant's portfolio of small business concerns) shall answer under oath to the Receiver all questions which the Receiver may put to them in compliance with the Federal Rules of Civil Procedure, and pursuant thereto shall produce any documents as required by the Receiver regarding the business of AltoTech, or any other matter relevant to the operation or administration of the receivership or the collection of funds due to AltoTech. In the event that the Receiver deems it necessary to require the appearance of the aforementioned persons, the production of documents, information, or any other discovery concerning the assets, property or business operations of AltoTech, or any other matter relevant to the operation or administration of the Receivership or the collection of funds due to AltoTech, the Receiver shall make its discovery request(s) in compliance with the Federal Rules of Civil Procedure.

7. The parties, or any prospective parties, to any and all civil legal proceedings of any nature, excluding the instant proceeding, but including without limitation bankruptcy proceedings, arbitration proceedings, foreclosure actions, default proceedings, or other actions of any nature involving AltoTech or any assets of AltoTech, including subsidiaries, partnerships and other business combinations of AltoTech, wherever located, or involving AltoTech, the Receiver, or any of AltoTech's or its general partner's or management company's past or present officers, directors, managers, agents, or general or limited partners sued for, or in connection with, any action taken by them while acting in such capacity of any nature, whether as plaintiff, defendant, third party plaintiff, third party defendant, or otherwise, are enjoined from commencing or continuing any such legal proceeding, or from taking any action, in connection with any such proceeding or any such

asset. All civil legal proceedings of any nature, excluding the instant proceeding, but including without limitation bankruptcy proceedings, arbitration proceedings, foreclosure actions, default proceedings, or other action of any nature involving AltoTech or any assets of AltoTech or its general partner or management company, including subsidiaries, partnerships and other business combinations of AltoTech, wherever located, and excluding the instant proceeding, or involving AltoTech, the Receiver, or any of AltoTech's past or present officers, directors, managers, agents, or general or limited partners sued for, or in connection with, any action taken by them while acting in such capacity of any nature, whether as plaintiff, defendant, third party plaintiff, third-party defendant, or otherwise, are stayed in their entirety, and all Courts having any jurisdiction thereof are enjoined from taking or permitting any action until further Order of this Court.

8. Further, as to a cause of action accrued or accruing in favor of AltoTech against a third person or party, any applicable statute of limitation is tolled during the period in which this injunction against the commencement of legal proceedings is in effect as to that cause of action.

9. AltoTech and its past and/or present directors, officers, managers, general or limited partners, agents, investment advisors, employees and other persons acting in concert or participating therewith be, and they hereby are, enjoined from either directly or indirectly taking any actions or causing any such action to be taken which would dissipate the assets and/or property of AltoTech to the detriment of the Receiver appointed in this cause, including but not limited to destruction of corporate records, or which would violate the Small Business Investment Act of 1958, as amended, 15 U.S.C. 661 et. seq., or the regulations promulgated thereunder ("Regulations"), 13 C.F.R. Part 107.

10. The Receiver is authorized to borrow on behalf of AltoTech, from the SBA, up to $1,000,000 and is authorized to cause AltoTech to issue Receiver's Certificates of Indebtedness in

the principal amounts of the sums borrowed, which certificates will bear interest at or about 10 percent per annum and will have a maturity date no later than 18 months after the date of issue. Said Receiver's Certificates of Indebtedness shall be deemed to be administrative expenses of the Receivership.

11. This Court determines and adjudicates that SBA has made a sufficient showing that the Licensee has violated the Act and Regulations, as alleged in the Complaint filed against AltoTech in the instant action, to obtain the relief so requested.

12. SBA shall be appointed Receiver of AltoTech based on AltoTech's consent.

13. After completing its activities in accordance with this Order, the Receiver may submit a report to this Court recommending that AltoTech's license as an SBIC be revoked.

READ AND AGREED BY ALTOTECH AND THE SMALL BUSINESS ADMINISTRATION, THROUGH THEIR DULY AUTHORIZED REPRESENTATIVES:

AltoTech II, LP
By: AltoTech Ventures, LLC
Its: General Partner

/s/ Gloria Wahl 6/1/06
By: Gloria Wahl Date
Its: Manager

The United States Small Business Administration

/s/ Thomas G. Morris 06/05/2006

10. The Receiver is authorized to borrow on behalf of AltoTech, from the SBA, up to $1,000,000 and is authorized to cause AltoTech to issue Receiver's Certificates of Indebtedness in the principal amounts of the sums borrowed, which certificates will bear interest at or about 10 percent per annum and will have a maturity date no later than 18 months after the date of issue. Said Receiver's Certificates of Indebtedness shall be deemed to be administrative expenses of the Receivership.

11. This Court determines and adjudicates that SBA has made a sufficient showing that the Licensee has violated the Act and Regulations, as alleged in the Complaint filed against AltoTech in the instant action, to obtain the relief so requested.

12. SBA shall be appointed Receiver of AltoTech based on AltoTech's consent.

13. After completing its activities in accordance with this Order, the Receiver may submit a report to this Court recommending that AltoTech's license as an SBIC be revoked.

READ AND AGREED BY ALTOTECH AND THE SMALL BUSINESS ADMINISTRATION, THROUGH THEIR DULY AUTHORIZED REPRESENTATIVES:

AltoTech II, LP
By: AltoTech Ventures, LLC
Its: General Partner

Gloria Wahl 6.1.2006

By: Gloria Wahl Date
Its: Manager

The United States Small Business Administration

[signature] 06-05-2006

By: Thomas G. Morris Date
Director, Office of Liquidation

PURSUANT TO STIPULATION OF THE PARTIES:

IT IS SO ORDERED,

DATED this _____ day of Jun 21, 2006 2006.

/s/ WILLIAM ALSUP
UNITED STATES DISTRICT COURT JUDGE

Of Counsel:

ARLENE P. MESSINGER
Assistant General Counsel for SBIC Enforcement

U.S. Small Business Administration
409 Third Street, S.W. Seventh Floor
Washington, D.C. 20416

Email: arlene.messingerlerner@sba.gov
Telephone: (202) 205-6857
Facsimile: (202) 481-0325